IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40492
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON EARL BERNARD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CR-108-1
- - - - - - - - - -
February 21, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Clifton Earl Bernard was indicted for possession with intent to distribute cocaine. Following two years as a fugitive, Bernard pleaded guilty to that offense. In sentencing Bernard, the district court enhanced his offense level for possession of a fiream.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-point upward adjustment in the offense level in a drug crime if a dangerous weapon was possessed, "unless it is clearly

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3); United States v. Mitchell, 31 F.3d 271, 277 (5th Cir.), cert. denied, 115 S. Ct. 455 (1994). Although Bernard argues that he had no knowledge of the presence of the gun, he concedes that it was found in the trunk of his car with the cocaine. The district court did not err in applying the enhancement.

The district court also did not clearly err in increasing Bernard's offense level pursuant to § 3C1.1 of the guidelines (obstruction of justice) because he failed to appear in court. United States v. Graves, 5 F.3d 1546, 1555 (5th Cir. 1993), cert. denied, 114 S. Ct. 1829 (1994).

With respect to his claim that the district court erred in denying him a reduction in his offense level for acceptance of responsibility, Application Note 4 to § 3E1.1 of the guidelines provides that conduct which results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Given the deferential standard of review applied to acceptance of responsibility findings and the finding that Bernard had obstructed justice, the district court did not err in determining that Bernard was not entitled to a reduction for acceptance of responsibility. See United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995).

AFFIRMED.